GOODALL *v.* HARRISON.

A declaration containing two counts, with one conclusion of damages, and the dam-
ages laid thus, $1000—held, that the conclusion stands for the whole declaration,
and being bad, both counts are bad.

ERROR from the Circuit Court of Cole county.

M'GIRK, C. J., delivered the opinion of the Court.

Harrison brought an action of assault and battery against Goodall. The first plea
is *son assault demesne;* the second plea is that the plaintiff was about to enter the de-
fendant's shop violently, and to prevent that, he committed the assault, doing no un-
necessary harm.

The third plea is, that *molliter manus imposuit,* &c.

The fourth plea is, that plaintiff was about violently entering the house of defend-
ant with a drawn knife, and to prevent himself from being stabbed, he flagellated
him, &c.

Upon the three first pleas issues are taken to the country, and to the fourth there
is a demurrer. On these issues the jury found the following verdict, to wit: "That
the defendant is guilty of the several trespasses, and assaults and batteries, com-
plained of by him, the plaintiff, and they do assess the damages sustained by him
thereby, to fifty-one dollars, besides costs." Upon this verdict the defendant moved
the Court to grant a new trial, which was refused; and he then made a motion in
arrest of judgment, for the following reasons:

First. Because the declaration is insufficient.

Second. The replication is insufficient, &c.

The errors assigned and relied on are, first, a general assignment. Secondly. That
(154) the Court erred in giving judgment on the demurrer against defendant.

Third. That the Court erred in giving judgment for costs generally, without saying
for how much.

The demurrer to the fourth plea was sustained. One of the causes for a new trial
is, that the verdict is against law.

The points made in argument by the plaintiff in error, are, first, that though it be
true that his fourth plea which is demurred to is bad, yet the plaintiff's declaration
is bad, in this that the damages are laid thus, $1000. Some other objections are
taken to the declaration, none of which will be noticed but the above one named.

It is insisted by the counsel for the plaintiff that the damages in the declaration
should be expressed by words, and that it is not sufficient in a declaration to make
the mark used by some accountants to express the sign of dollars; here this mark
is used and prefixed to the number one thousand in figures. To prove this position
correct, the counsel relies on the statute of this State, *Rev. Code,* 273. By the 16th
section of the act it is declared, "all proceedings whatsoever in any Court of this
State, shall be in the English tongue only, and shall be printed or written in a good,

Goodall *v.* Harrison.

strong, legible hand and characters, in words at length and not abbreviated, except; such abbreviations as are now commonly used in the English language ; but it shall be lawful to express numbers by figures," &c.   It is believed that this statute covers this case; the character here used to express dollars is not a character known to the English language, as a character to express a word or a part of a word;. but that is. not material; the meaning of the act is, that the characters used to express words or · numbers must be strong, but the words expressed must be written at length except. numbers, &c. ; here the number one thousand is well expressed by figures, but the · word dollars is wanting, and it would be idle to contend that this sign is an abbre-- viation of any word.   The declaration in this particular is bad.   But in this case the · fourth plea is also bad, but the judgment on the demurrer should have been for the · defendant.   There are two counts in the declaration, and the first has no conclusion. of damages, and the conclusion in the second count meant and does stand for the conclusion of damages for the whole declaration, otherwise the judgment for the plaintiff on demurrer ought to stand.   For it is argued by Harrison's counsel, and rightly too, that to consider this demurrer to act like a demurrer in any other case, it (155) would be considered as a demurrer to the whole declaration ; and in that case if there be one good count in the declaration, where the demurrer is to the whole, the demurrer must be overruled.   But there being but one conclusion of damages in this case to apply to both counts, and that conclusion being bad, both counts are bad. This point being ruled for the plaintiff in error, it is unnecessary to decide the other material point relating to the verdict of the jury, more especially as we are not all. clear what the law is on that objection.

The judgment is reversed and sent back for a new trial ; leave to amend in the: Court below is to be allowed.